UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY RAY RICHARDSON | CIVIL ACTION |
| VERSUS | NO: 08-1671 |
| DONNA LYNN RICHARDSON, *wife of* *Anthony Richardson* | SECTION: "A" (3) |

### ORDER AND REASONS

Before the Court are a series of motions filed in a single document[1]: **Motion for Decree of Removal**; **Motion for Preliminary Injunctive Relief and Stay Regarding Actions of State(s) and/or Parishes Subsequent to Removal**; **Motion and Request to Seal Original Petition and Related Filings to Comply with E-Government Act of 2002 and Policy of Judicial Conference of the United States**; **Motion to Release Certain Parties from Suit**; and **Motion for Extension of time for Compliance with Directive of Court Dated April 18, 2008**.  On reviewing these motions and the Notice of Removal (Rec. Doc. 1), the Court *sua sponte* considered the propriety of

---

[1] The Court notes that Plaintiff is proceeding in this matter *pro se*.

removal and reviewed its subject matter jurisdiction in this matter. For the reasons that follow, the Court finds that subject matter jurisdiction is lacking, and the Court hereby **REMANDS** this action to the state court from which it came pursuant to 28 U.S.C. § 1447(c).

**I.    BACKGROUND**

Plaintiff alleges the relevant facts as follows. On December 6, 2001, Plaintiff filed a Petition for Divorce (Rec. Doc. 1-7) in the 25th Judicial District Court for the Parish of Plaquemines, in which Plaintiff sought joint custody of the couple's minor children and requested that he be designated as the custodial parent, subject to reasonable and liberal visitation rights granted to his former spouse. (Pet. ¶ IV). In his Petition, Plaintiff made various allegations regarding Ms. Richardson's mental and emotional state. (*Id.* at ¶ VI). He requested that the court conduct evaluations to aid in the custody decision, specifically asking that the court appoint an evaluator to conduct said evaluations. (*Id.* at ¶ IX). He also sought the issuance of a temporary restraining order, "restraining and prohibiting the defendant . . . from verbally or physically harassing him," as well as "restraining and prohibiting the defendant . . . from alienating, encumbering, or disposing any of the community property." (*Id.* at ¶¶ X-XI).

A consent judgment was executed on January 23, 2002. Plaintiff removed the action to this Court on April 16, 2008. In filing his Notice of Removal, Plaintiff did not supply the Court with records of any state court proceedings other than the Petition.

In his Notice of Petition and Verified Petition for Warrant of Removal (Rec. Doc. 1), Plaintiff complains of certain actions and omissions by his former counsel in conjunction with the

2

state court proceeding. (Notice ¶ 8). Specifically, he alleges that "[o]n or about January 23, 2002 [Plaintiff's former] [a]ttorney . . and [Ms. Richardson's] first counsel . . . without the knowledge, authorization nor consent of Petitioner, executed a CONSENT JUDGMENT with the state court representing that Petitioner voluntarily agreed with multiple terms and conditions which prejudicially favored the Respondent and had no balance whatsoever, although Petitioner did NOT agree with such prejudicial terms and conditions, and [Plaintiff's counsel] never, at any time, sought permission from, nor authorization of, Petitioner . . ." (*Id.* at p. 6) (emphasis in original). According to Plaintiff, the execution of the consent judgment by the attorneys, without Plaintiff's "consent, knowledge nor authorization . . . violated Petitioner's Constitutional rights" under the Louisiana Constitution and the Fourth and Fourteenth Amendments of the United States Constitution, as well as "Federal Civil Rights under, at least Title 42 U.S.C. § 1981(a), (b) and (c)." (*Id.* at p. 6-7).

In addition, Plaintiff references certain errors in the use of the evaluator's report, alleging that the version of the report in the state court's possession was different than the version in Plaintiff's possession, that the report was unsigned, and that the report makes no custodial recommendation. (*Id.* at p. 8). Plaintiff contends that the report was utilized in the state proceedings "without Petitioner being afforded opportunity to respond to such reports in due process, and with even an attempt by multiple parties to conceal such reports from this Petitioner. . . ." (*Id.* at p. 9).

Plaintiff maintains that the consent judgment, "which terminated Petitioner's parental rights and custody" and to which "Petitioner did not, at any time, consent nor agree with the prejudicial terms and conditions," "caused irreparable, irrevocable and permanent damage to Petitioner's right

3

to equal companionship, care, custody, and management of his biological daughters, and additionally, Petitioner's two biological daughters have been deprived of the enjoyment and benefits of the companionship, care, custody, and management of, and/or with, them by their loving and beloved biological father." (*Id.* at p. 10).

In light of the foregoing, Plaintiff asserts violations of the constitutional guarantees of equal protection and due process. (*Id.* at p. 12-13). Specifically, he cites a "[f]ederal question as regarding equal rights to care, custody, and control of minor children" and the termination of parental rights without affording the deprived parent reasonable opportunity to respond. (*Id.* at p. 14-15). Plaintiff also states that he "has a further federal question right, under Title 42 U.S.C. § 14141, to be free from unlawful violations of constitutional and/or civil rights committed by the parties involved in the state proceeding." (*Id.* at p. 22).

## II.   DISCUSSION

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing 1 J. Moore, *Moore's Federal Practice* § 0.71[1][5.-1] (1996)). The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived. *Id.* (citing Fed.R.Civ.P. 12(h)(3); *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941)). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Id.* (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)).

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiff asserts that removal is proper based on the Court's federal question jurisdiction.[2] For the purposes of federal question jurisdiction, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . ." 28 U.S.C. § 1441(b).

Whether a claim "arises under" federal law is determined by the "well-pleaded complaint" doctrine. *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008) (citing *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005)). Under the "well-pleaded complaint" rule, a federal court has original or removal jurisdiction only if a federal question appears

---

[2] Although not asserted by Plaintiff, the Court notes that diversity jurisdiction is lacking in the present case, as the parties are not diverse. As such, the Court need not address the "domestic relations" exception to diversity jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992)).

on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action. *Bernhard v. Whitney National Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 10-11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

In reading Plaintiff's petition, it is evident that Plaintiff only pleads state law causes of action, namely divorce and custody. These actions could not have been brought in federal court. *See Ankenbrandt*, 504 U.S. at 703-04, 112 S.Ct. 2206. Because Mr. Richardson's petition for damages alleges only state law claims, this Court has jurisdiction over Plaintiff's case only if: (1) the state law claims necessarily raise a federal issue[3] or (2) the state law claims are completely preempted by federal law. *Bernhard*, 523 F.3d at 551. Neither is applicable in the present case.

All of all of Plaintiff's claims stem from the confection of the consent judgment in January 2002. Plaintiff frames his basis for removal as a civil rights action.[4] However, in reading Plaintiff's

---

[3] The federal courts have jurisdiction over a state law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Bernhard*, 523 F.3d at 551 (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*, 545 U.S. 308, 314, 125 S.Ct. 2263, 162 L.Ed.2d 257 (2005)).

[4] Plaintiff specifically asserts:

> This petition for removal is strictly *not* about a typical domestic relations and/or dissolution of marriage versus what would be the expected reluctance of a federal court to exercise jurisdiction over the same; this cause inures to the very *essence* of the enactment and purpose of 28 U.S.C. § 1441 and § 1443: to provide for a federal remedy when a person "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof."

(Notice p. 20) (emphasis in original).

Notice, the Court finds that, in essence, Plaintiff is seeking review of the state court's consent judgment by way of removal. The *Rooker-Feldman* doctrine precludes such review.

Under the *Rooker-Feldman* abstention doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314-15, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)). The Supreme Court clarified that "[t]he *Rooker-Feldman* doctrine is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court pleadings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Plaintiff's claims fall squarely within this doctrine, which "has frequently been used to dismiss civil rights complaints that . . . are in essence challenges to state court divorce decrees." *Bell v. Valdez*, 207 F.3d 657, 2000 WL 122411, at *1 (5th Cir. 2000) (unpublished) (citing *Wijas v. Nelson*, 1994 WL 117988, at *1 (7th Cir. 1994); *Pilkington v. Pilkington*, 389 F.2d 32 (8th Cir. 1968); *Carlock v. Williams*, 1999 WL 454880 (6th Cir. 1999); *Shqeir v. Martin*, 1997 WL 587482, at *2 (N.D. Tex. 1994)).

Plaintiff does not expressly seek appellate review. However, as explained by the Fifth Circuit, "[a] lengthy line of decisions in our circuit . . . holds that litigants may not obtain review of state court actions by filing complaints about those actions in federal courts cast in the form of civil

7

rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) (citing *Sawyer v. Overton*, 595 F.2d 252 (1979); *Kimball v. The Florida Bar*, 632 F.2d 1283 (1980)). In such a case, "the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Id.* (Quoting *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. 1303). According to the Fifth Circuit, "[j]udicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours." *Id*.

In his Memorandum in Support of Petition for Removal (Rec. Doc. 1-2), Plaintiff makes the conclusory allegation that "he is **not** seeking 'the granting or modification of a divorce, alimony, or custody decree.'" (Mem. in Supp. p. 6) (emphasis in original). Rather, Plaintiff "is strictly removing the instant state court action into the jurisdiction of this federal court, for the express vindication of his civil and constitutional rights, as well as the reciprocal rights of his minor biological children. . . ." (*Id.*) However, the Court finds that Plaintiff's grievances on removal are essentially an appeal of the state court consent judgment. Plaintiff may not style his claims as a civil rights action in an effort to evade the *Rooker-Feldman* doctrine. Similar to the claims dismissed by the Fifth Circuit in *Hale v. Harney*, Plaintiff's constitutional claims on removal are "inextricably intertwined" with questions of the validity of the state court consent judgment. *See Hale*, 786 F.2d 690-91. As such, Mr. Richardson's case is beyond the Court's jurisdiction.

In sum, Plaintiff has not satisfied his burden of establishing subject matter jurisdiction, and consequently, the case must be remanded. Mr. Richardson's state law petition was not originally removable and did not "become removable" as a consequence of the consent judgment executed on January 23, 2002. The constitutional issues raised by Plaintiff are "inextricably intertwined" with

8

the state court judgment and are not reviewable by this Court; such issues are reviewable through the state court system.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the above-styled action is **REMANDED** pursuant to 28 U.S.C. § 1447(c).

June 5, 2008

---

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE